FILED
MAY 12 2022

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| CHARLES KIEFFE, | 5:19-CV-5067-CBK |
| Petitioner, | |
| vs. | |
| UNITED STATES OF AMERICA, | **MEMORANDUM AND ORDER** |
| Respondent. | |

## I. BACKGROUND

Petitioner Charles Kieffe ("petitioner") pleaded guilty in 2018 to Discharge of a Firearm During the Commission of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). See 5:18-CR-50051-JLV.[1] The underlying crime of violence for the petitioner's conviction was Assault with a Deadly Weapon. See 18 U.S.C. § 113(a)(3). In March 2019, United States District Court Judge Jeffrey Viken sentenced Mr. Kieffe to 120-months custody, followed by three years of supervised release, and $3,854.54 in restitution. C.R. doc. 62. Six months following his sentencing, petitioner moved this Court to vacate his conviction and sentence, arguing that his sentence under § 924(c)(3)(B) was unconstitutionally vague, and thus violative of his Fifth Amendment Right to Due Process.[2] Doc. 1.

The United States resists and has moved to dismiss the petitioner's claim for lack of subject-matter jurisdiction and failure to state a claim. Doc. 9. After filing his "reply" to the United States' motion, petitioner obtained counsel, who filed a memorandum in support of the motion to vacate/set aside/correct the sentence. Doc. 16. Kieffe focuses on the "residual clause" of § 924(c)(1)(B), which was struck down as unconstitutionally

---

[1] References to Mr. Kieffe's original criminal matter will be referred to as "C.R."
[2] Petitioner also has two pending motions for early release pursuant to the First Step Act which are not relevant to this matter. See C.R. docs 67, 73.

vague in Davis v. United States, 139 S.Ct. 2319 (2019). However, petitioner was convicted under the "*element* clause" of § 924(c)(3)*(A)*, not § 924(c)(3)(B), which remained intact following Davis.

As this matter remained pending, the United States Supreme Court released a fractured opinion in Borden v. United States, providing further insight into the debate of unconstitutional vagueness. See 141 S.Ct. 1817 (2021). In Borden, Justice Kagan, writing for a four-justice plurality joined in the judgment by Justice Thomas, held that the element clause (under which Kieffe was convicted), can only stand when the underlying felony requires a *mens rea* higher than recklessness, i.e., must include intentional or purposeful conduct. So, this Court must tackle three questions: (1) does this Court have subject-matter jurisdiction to hear this dispute, as the United States contends it does not; (2) can this Court apply Borden to final judgments where a timely habeas petition was pending when the new interpretation of 18 U.S.C. § 924(c)(3)(A) was issued; and (2) if so, does it affect Kieffe's conviction? Answering affirmatively to the first two questions, Kieffe's conviction should not be altered because the petitioner's underlying "crime of violence" was Assault with a Deadly Weapon, in violation of 18 U.S.C. § 113(a)(3), which requires the actor to *intentionally* commit the statutorily prohibited conduct. Accordingly, the United States' motion should be granted for failure to state a claim and the petitioner's motion to vacate should be denied.

## II. DISCUSSION
### A. Standard of Review

The United States filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Rule 12(h)(3). Rule 12(h)(3) mandates dismissals of suit when federal courts do not hold proper subject matter jurisdiction. Federal courts are courts of limited jurisdiction and must be wary of adjudicating claims beyond its purview. Nuevos Destinos, LLC v. Peck, 999 F.3d 641, 646 (8th Cir. 2021). "The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." Godfrey v.

Pulitzer Pub. Co., 161 F.3d 1137, 1141 (8th Cir. 1998) (internal quotations and alterations omitted).

One such avenue for jurisdiction is via a "federal question." 28 U.S.C. § 1331. Federal question jurisdiction exists where the plaintiff brings forth a "non-frivolous claim of a federal right or remedy is sufficient to invoke federal question jurisdiction." Stanko v. Oglala Sioux Tribe, 916 F.3d 694, 698 (8th Cir. 2019) (internal quotations and alterations omitted). Here, petitioner Kieffe brings forward his motion pursuant to 28 U.S.C. § 2255, before the Court that handed down the purportedly improper sentence. In so doing, this Court is vested with subject matter jurisdiction over the matter. Accordingly, the proper standard of review is pursuant to Rule 12(b)(6) for failure to state a claim.

The government's motion to dismiss for failure to state a claim is applicable to § 2255 habeas proceedings so long as its procedural commands do not conflict with habeas statutes or the Rules Governing Section 2255 Cases in the United States District Courts. Because it is consistent, the ordinary standard of review for motions under 12(b)(6) is applicable. See Wolfe v. United States, 2021 WL 5095953, at *5 (D.S.D. Sept. 20, 2021) (explaining interplay between Rule 12(b)(6) and motions to vacate under 28 U.S.C. § 2255).

When reviewing a motion to dismiss under Rule 12(b)(6), the Court assumes that all facts in the petitioner's motion to vacate are true and construes any reasonable inferences from those facts in the light most favorable to the nonmoving party. Spagna v. Phi Kappa Psi, Inc., — F.4th —, 2022 WL 1009465, at *1 (8th Cir. April 5, 2022). See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 550 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "In deciding a motion to dismiss, courts ordinarily do not consider matters outside the pleadings." Gillick v. Elliott, 1 F.4th 608, 610 n.2 (8th Cir. 2021). However, courts may consider materials "necessarily embraced by the pleadings, including exhibits attached to the complaint and matters of public record." LeMay v. Mays, 18 F.4th 283, 289 (8th Cir. 2021) (internal quotations omitted). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

3

Faulk v. City of St. Louis, Missouri, — F.4th —, 2022 WL 1020050, at *2 (8th Cir. April 6, 2022) (*quoting* Iqbal, 556 U.S. at 678). The factual allegations must be enough to raise specificity "above the speculative level." Richardson v. BNSF Ry. Co., 2 F.4th 1063, 1068 (8th Cir. 2021) (internal quotations omitted).

Nevertheless, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Stoebner v. Opportuntiy Fin., LLC, 909 F.3d 219, 225–26 (8th Cir. 2018) (*quoting* Iqbal, 556 U.S. at 678). When assessing the merits of a complaint challenged under Rule 12(b)(6), a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumptions of truth." McDonough v. Anoka Cnty., 799 F.3d 931, 945–46 (8th Cir. 2015) (*quoting* Iqbal, 556 U.S. at 679).

### B. Analysis

Since Mr. Kieffe has filed his motion to vacate, there has been ample change in the judicial foundations of interpreting elements and residual clauses for unconstitutional vagueness. Petitioner pled guilty to Discharge of a Firearm During the Commission of a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Here, the underlying crime of violence was Assault with a Dangerous Weapon, in violation of 18 U.S.C. § 113(a)(3). While the Assault count was ultimately dismissed pursuant to Kieffe's plea deal with the United States, he admitted to the underlying conduct for the Assault, specifically that "he intentionally discharged the firearm at the victims' vehicle."

Section 924(c) has a litigious past. 18 U.S.C. § 924(c)(1)(A) makes it criminal offense for an individual to use or carry a firearm in furtherance of a "crime of violence." But what is a "crime of violence?" Two avenues make up a crime of violence, the "elements clause" definition and the "residual clause" definition, both defined in short order.

In United States v. Davis, 139 S.Ct. 2319 (2019), decided after Kieffer's sentencing, the United States Supreme Court held that § 924(c)(3)*(B)*, the "residual clause," is unconstitutionally vague. 139 S.Ct. 2319, 2323–33 (2019). The residual clause defined a crime of violence as a federal felony offense that "by its nature, involves

a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B). "[A] vague law is no law at all." Davis, 139 S.Ct. at 2323. Applying the categorical approach of interpretation, the Davis Court struck down the residual clause, one of two definitions for a "crime of violence." See United States v. Boleyn, 929 F.3d 932, 936–37 (8th Cir. 2019) (explaining the categorical approach to statutory interpretation). However, Kieffe was not convicted under § 924(c)(3)(B), but rather § 924(c)(3)*(A)*, the "elements clause." See United States v. Martin, 15 F.4th 878, 884–85 (8th Cir. 2021) (dissecting the elements clause under the similarly structured Armed Career Criminal Act).

The elements clause defines a "crime of violence" as a federal felony offense that "has an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). After this case was briefed, the Supreme Court released another opinion analyzing the elements clause defining a "violent felony" under this provision's neighbor in 18 U.S.C. § 924(e), a subsection whose language is nearly identical to a "crime of violence" as written in § 924(c)(3)(A). In Borden v. United States, 141 S.Ct. 1817 (2021), Justice Kagan, writing for a four-justice plurality with Justice Thomas concurring in the judgment, held that the underlying statutory offense giving way for the § 924(c)(3)(A) charge must require a *mens rea* of acting purposely or with knowledge. 141 S.Ct. 1817, 1825 (plurality opinion); 1835 (Thomas, J., concurring in the judgment). This means that statutes which permit felonies to be performed with mere recklessness *cannot* be a "violent felony" under the elements clause of ACCA. See United States v. Martin 15 F.4th 878, 883 (8th Cir. 2021). Similar logic commands that the elements clause of § 924(c)(3)(A) cannot be satisfied by a statute that allows for its commission under mere recklessness. Instead, Mr. Kieffe's underlying offense *must* only be satisfied by a higher *mens rea*, such as a statute only satisfied through the actual intentional act or attempt by the perpetrator. See United States v. Thompson, 2022 WL 138524, at *2–3 (D. Minn. Jan. 14, 2022) (explaining Borden's effects on §924(c)(3)(A)). Fatal for Kieffe, though, is that the underlying felony for his § 924(c)(3)(A) conviction clearly demands an intentional action.

5

Before tackling the merits of Kieffe's claim, the Court must first identify whether this § 2255 motion is the proper vehicle to entertain the petitioner's attack on § 924(c)(3)(A). Borden was published after petitioner filed his motion to vacate, but prior to this Court announcing its decision in this matter. While Teague v. Lane, 489 U.S. 288 (1989), generally bars a "new constitutional rule of criminal procedure" from being applied during pending collateral motions, Borden was not announcing such rules. United States v. Ryan, 227 F.3d 1058, 1062 (8th Cir. 2000) (quoting Teague v. Lane, 489 U.S. 288, 310–11 (1989)). "The Court has made clear, however, that Teague does not apply in those cases in which the Court determines the meaning of a criminal statute enacted by Congress, because such a decision involves the substantive reach of a federal statute, not a new rule of criminal procedure." Id. Accordingly, Borden can be applied to Kieffe's motion.

However, while this Court can entertain the effects of Borden in this matter, it ultimately does little for the petitioner. On August 31, 2018, Mr. Kieffe pleaded guilty to Count 1 of the indictment, which states:

> On or about March 23, 2018, in Oglala Lakota County, In Indian country, in the District of South Dakota, the defendant, Charles Kieffe, an Indian, did unlawfully assault Paige Grooms, with a dangerous weapon, namely, a firearm, with the intent to do bodily harm, all in violation of 18 U.S.C. §§113 (a)(3) and 1153, and did knowingly discharge a firearm during and in relation to a crime of violence for which he could be prosecuted in a court of the United States, that is, Assault with a Dangerous Weapon, In violation of 16 U.S.C. § 113(a)(3): all In violation of 18 U.S.C. § 924(c)(1)(A)(iiI).

Following his guilty plea, U.S. Magistrate Judge Daneta Wollman filed her Report and Recommendations on the plea of guilty. C.R. doc. 37. On September 5, 2028, U.S. District Court Judge Jeffrey Viken adopted Judge Wollman's Report and Recommendation on the petitioner's guilty plea. C.R. doc. 41. The underlying felony, Assault with a Dangerous Weapon, is clear on its requisite *mens rea*. 18 U.S.C. § 113(a)(3) defines assault with a dangerous weapon as one who holds an "*intent* to do bodily harm." (emphasis added). The statute could not be clearer that it requires intent, not mere recklessness. See United States v. LeCompte, 108 F.3d 948, 952 (8th Cir.

6

1997) ("An assault is any *intentional* and *voluntary* attempt or threat to do injury to the person of another . . .") (emphases added). Accordingly, Kieffe's attack on his conviction for unconstitutional vagueness must fail.

### III.   CONCLUSION

While the legal landscape concerning unconstitutional vagueness has dramatically shifted since Mr. Kieffe first filed his petition, it has not altered enough to affect his conviction. Because the petitioner was convicted under the elements clause of 18 U.S.C. § 924(c)(3), and because his underlying violent offense required an intentional action, and not mere recklessness, Keiffe's conviction stands, and the United States' motion should be granted.

IT IS HEREBY ORDERED that the United States' motion to dismiss, Doc. 9, is granted.

IT IS FURTHER ORDERED that Mr. Charles Kieffe's motion to vacate, Doc. 1, is denied.

DATED this 5th day of ~~April~~ May, 2022

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

7